DART vs. PALMER.

An allegation, in a bill, that a person died insolvent, does not imply that he died entirely destitute of property, but only that his property was not sufficient to pay all his debts, in full.

The proper allegation in a bill, where it is sought to excuse the complainant for not making the representatives of a deceased person parties to the suit is, that the decedent died insolvent and without leaving any assets for the payment of his debts.

A complainant may sometimes avoid the necessity of making particular persons parties, by waiving all claim against them in his bill. But this cannot be done to the

Dart *v.* Palmer.

prejudice to the rights of others, who are defendants in the suit. Thus, it cannot be done where it is necessary to take an account against the defendant; and where he has a right to have other persons, who are interested in the taking of the account, before the court, to save the necessity of a future litigation with them.

Where a complainant, in his bill, claims specific relief against the defendant, and then adds a general prayer for such further or other relief as may be proper, and the case made by his bill entitles him to the specific relief prayed for, and when no other parties are necessary to entitle him to that relief, the court, at the hearing, will not grant other or further relief, under the general prayer, if persons not before the court are necessary parties to such other or further relief; although the case made by the bill would have entitled the complainant to that relief also, if all the proper persons had been made parties.

But if the bill, in such a case, asks for a discovery as to some fact not material to the specific relief prayed for, and which discovery can only be material to a different kind of relief, to the granting of which relief other persons are necessary parties, *it seems* the defendant may demur to that part of the discovery; on the ground of a want of proper parties.

If the case made by the bill entitles the complainant to particular relief, against the defendant, and would also entitle him to further relief were the necessary parties before the court, and where the prayer of the bill specifically asks for the more extended relief, to which the complainant is not entitled in consequence of the defect of parties, the defendant may demur to the whole bill for want of parties.

THIS was an appeal from a decretal order of a vice chancellor, overruling a demurrer to the complainant's bill. The object of the suit was to obtain an account and payment of the defendant's proportion of the purchase money of a tract of land in Ohio; and also of moneys expended upon the land in making improvements; and for expenses paid and incurred in the care and management and preservation of the property, by the complainant, for the joint benefit of all the persons interested in the lands. The facts as stated in the bill were substantially as follows: In 1836, Dart the complainant, Palmer the defendant, and H. Pratt, now deceased, by an agreement between themselves, were to purchase the Ohio lands and to pay for the same, in the proportions of one half for Dart, one third for Pratt, and one sixth for Palmer; which were to be their respective interests in the lands when purchased. And for the convenience of the parties in giving titles to purchasers, upon subsequent sales thereof in small parcels, they agreed that the title should be taken in the name of the complainant, and be held by him for

the benefit of the associates, in the proportions stated. A part of the purchase money was paid, and a deed of the lands was taken in the name of the complainant; who gave his individual notes, and a mortgage upon the premises, to secure the residue of the price of the land. The notes were subsequently paid by him, either with moneys received from his associates or from his own means. But, as the bill alleged, neither Palmer nor Pratt furnished their full share of the purchase money of the land. After the purchase, Pratt sold a part of his interest therein to O. Allen. And in December, 1836, Allen and the three original associates entered into a joint contract with Dibble & Co. to perform labor upon the land, to the amount of $10,000, in grading, excavating and filling up streets, &c. to be paid for by the associates in monthly instalments, as the work progressed. Dibble & Co. performed the labor, or a considerable portion of it, and the complainant paid them about $6000 on account thereof. But whether the other associates paid the contractors any thing, or whether the whole amount due to Dibble & Co. for their labor under the contract, had or had not been paid, was not stated in the bill. After the purchase, the complainant, at the request of Palmer & Pratt, took the principal charge of the lands for their joint benefit; and in the care and management and preservation of the property he incurred and paid considerable expense. And, as he alleged in his bill, he was largely in advance for his associates, who were interested with him in the land; none of them having paid their just proportions of the purchase money of the land and of the other expenses. Nor had the representatives of Pratt, who died insolvent, paid their just share thereof since his death. The bill also stated that the complainant had called upon the defendant to account with him, and to pay what might be found due to him from the defendant, for the proportion of the latter of such purchase money and expenses; and that the defendant had frequently promised to do so, upon receiving a deed of his share of the land; that in April, 1844, the complainant tendered him a good and sufficient deed of one sixth of the land, but the defendant refused to come to an account, and to pay what was due from him on account of such purchase money and expenses.

Dart v. Palmer.

The complainant therefore prayed that an account might be · taken between him and the defendant in relation to the matters of the bill, and for general relief.

The following opinion was delivered by the vice chancellor.

WHITTLESY, V. C.   There is no doubt about any of the grounds of demurrer except the 6th; which is that Allen and the representatives of Pratt should be made parties.   The bill is not multifarious.   No profert of the agreement is necessary.   The bill does not state whether the agreement was in writing; and it will be presumed to be in writing if a writing is necessary to its validity.   Our statute of uses and trusts does not apply, as the lands are in Ohio.   Chancery has concurrent jurisdiction with courts of law in matters of account.   We are not able to determine from the bill whether the suit is barred by the statute of limitations or not.   The demurrer is not tenable on any of these grounds; and I am inclined to think that the objection for want of parties cannot be sustained.   There is no joint obligation on the part of the co-purchasers to pay the complainant.   Each is responsible to him for his own proportion.   The accounts of the others are not connected with the accounts. of this defendant.   The complainant, to succeed, must show that he has paid something for this defendant; and this account is to be settled independent of the account between the defendant and the other parties.

The demurrer is therefore overruled with costs; with leave to the defendant to answer in twenty days, or in default of his answer and payment of the costs of the demurrer, the bill to be taken as confessed.

*A   Taber*, for the appellant.

*M. T. Reynolds*, for the respondent.   1. The case as presented by the bill is one entire transaction and peculiarly appropriate to the jurisdiction of this court.   2. The contract between Dart, Palmer and Pratt, as set out in the bill, defines the rights and liabilities of each of the joint purchasers, and is binding on each and every one of them.   3. The land purchased being situated

Dart v. Palmer.

in the state of Ohio; the statutes of this state regulating contracts for the sale and purchase of real estate, entitled, " Of fraudulent conveyances and contracts relative to lands," " Of the nature and qualities of estates in real property and the alienation thereof," and " Of uses and trusts," have no application to the case in question. 4. If the land was situated in this state, the part performance shown by the bill would take the case out of the statute. 5. But it does not appear from the bill that the contract between the three joint purchasers was not in writing. On the contrary it must be taken as granted that the contract set out in the bill is a legal and binding contract; and if it is assumed that the contract was not in writing, it can only be taken advantage of by plea or answer. 6. Orlando Allen and the representatives of Hiram Pratt, deceased, could not be joined with the defendant as parties in this suit; if the complainant has a claim upon them for moneys advanced on their account, the remedy against them is separate and distinct. 7. By the contract as set out in the bill the rights of the several parties are separate and distinct, and no one party is responsible for the performance of the agreement by any other party. 8. There is no joint obligation on the part of the co-purchasers to pay the complainant. Each is responsible to him for his own proportion. 9. The bill is not multifarious. No profert of the agreement is necessary. 10. Chancery has concurrent jurisdiction with courts of law in matters of account. 11. It does not appear from the bill that the action is barred by the statute of limitations. On the contrary, the bill alleges repeated promises by the defendant to pay, when a conveyance should be made; and that pursuant thereto a deed was made and tendered in 1844.

THE CHANCELLOR. I do not think it necessary to examine any of the objections raised by the demurrer except the one which relates to a defect of parties. For the vice chancellor is unquestionably right as to all the rest.

The representatives of Pratt may be necessary parties, notwithstanding the allegation in the bill that he died insolvent. For that does not imply that he died entirely destitute of prop-

erty, but only that his property was not sufficient to pay all his debts, in full. The proper allegation in a bill, where it is sought to excuse the complainant for not making the representatives of a deceased person parties to the suit, is that the decedent died insolvent and without leaving any assets for the payment of his debts. (*See Siddon* v. *Connell,* 10 *Sim. Rep.* 58.) In relation to the claim of the complainant, for so much of the defendant's share of the purchase money of the land as remains unpaid, and for his share of the expenses incurred and paid by the complainant in the care and management and for the preservation of the property, I do not see that either Pratt's representatives or Allen are necessary parties. For, in relation to those matters, a perfect decree may be made between the present parties to this suit, without interfering in any way with the rights of Allen, or of Pratt's estate.

The only difficulty in respect to parties arises from that part of the complainant's claim which is founded upon the alleged payment of more than his share of the labor upon the Ohio lands, under the contract with Dibble & Co. There all the associates who were interested in the land became jointly liable, to the contractors, for the whole amount of labor which was to be performed. And if the whole of such labor has not been paid for, Palmer is still liable to the contractors for the deficiency; although it should exceed the amount of his sixth of the whole expenditure for labor upon the premises. And even if the contractors have been paid in full by the associates, or some of them, a decree in this cause in favor of the complainant, founded upon an accounting to which neither Allen nor the representatives of Pratt were parties, would not protect the defendant from further liability to them; should either of them institute a new suit against him, claiming that Pratt or Allen had paid to the contractors more than their respective shares, for the labor. I see nothing to take this part of the complainant's claim out of the general rule that where several persons are interested in the taking of an account, they should all be made parties, either as complainants or defendants. I think it is therefore a valid objection, to so much of the discovery and relief, sought by the complainant's

bil., as relates to the expenditures for the labor performed by Dibble & Co. upon the premises, that Allen and the representatives of Pratt are not made parties.    The complainant may sometimes avoid the necessity of making particular persons parties, by waiving all claim against them in his bill.    But this cannot be done to the prejudice of the rights of others who are made defendants in the suit.    It cannot therefore be done where it is necessary to take an account against the defendant; and where he has a right to have other persons, interested in the taking of the account, brought before the court, to save the necessity of a future litigation with them.    ( *Welf. Eq. Pl.* 80; *Story's Eq. Pl.* § 137, 138.)

The only remaining question to be considered is whether the objection for want of parties in this case authorized a demurrer to the whole bill.    Some doubt appears to have existed, in England, whether the want of proper parties as to a part of the relief to which the plaintiff would be entitled if all the necessary parties were before the court, would authorize a demurrer to the whole bill.    In the case of *The East India Co.* v. *Coles and others,* (3 *Swan. Rep.* 143, *n.*) the demurrer was to the whole bill; and it was admitted that as to some parts of the bill a demurrer would hold, for want of parties.    But the counsel for the complainant insisted that a decree might be made as to part of the matters in controversy, against the defendants then before the court, without the absent parties; and that the demurrer was not well taken as to that part of the bill.    The lord chancellor was inclined to think there could not be a partial demurrer for want of parties, and that the demurrer to the whole bill was therefore proper ; and he directed the allowance of the demurrer.    But upon a suggestion of Mr. Mitford that there were cases in which partial demurrers for want of parties had been allowed, the cause was directed to stand over until the next day.    The counsel for the complainant, however, elected to pay the costs of the demurrer and amend the bill ; so that the further examination of that question was rendered unnecessary.

The cases referred to by Mr. Mitford, were *Astley* v. *Fountaine,* (*Finch,* 4,) *Atwood* v. *Hawkins,* (*Idem,* 113,) and *Bres-*

Dart *v.* Palmer.

*senden* v. *Decreets*, (2 *Ch. Ca.* 197.) In the first of those cases, it will be seen, by a reference to the very imperfect report of it in Finch, that the demurrer which raised the objection for want of proper parties was overruled. And I infer from the report that the demurrer, which was allowed, was a demurrer to a part of the *discovery* merely; and that its temporary allowance proceeded upon the then debateable ground, that where the answer explicitly denied the whole facts upon which the complainant's right to relief rested, the defendant was not bound to make a discovery of matters which were only consequential upon such right to relief. In the second case, however, if the report is correct, Lord Nottingham did allow a demurrer to a part of the bill, for want of proper parties; and allowed the case to proceed as to another distinct cause of suit, in which the absent parties had no interest. In the last case referred to by Mr. Mitford, I infer that the demurrer, which was for the want of an administrator *de bonis non*, of the personal estate of a judgment debtor, who was first liable for the payment of the complainant's debt, as a party defendant, was a demurrer to the whole bill. Indeed it could not well be otherwise; as the objection went to the whole of the complainant's claim, against the rents and profits of the estate received by the guardians of the heir at law of the judgment debtor. And it was probably held that a bad plea to a part of the relief sought did not overrule a good demurrer to the whole bill.

It does not necessarily follow, however, even if there are some cases in which it might be proper to allow the defendant to demur to particular parts of a bill, for want of parties, that a demurrer to the whole bill may not be sustained, where it appears from the bill itself that the complainant claims some specific relief, to which he is entitled upon the case made by his bill, but as to which the bill is defective for want of proper parties. Thus, if the complainant in his bill claims specific relief, against the defendant therein, and then adds a general prayer for such further or other relief as may be proper, and the case made by his bill entitles him to the specific relief prayed for, and no other parties were necessary to entitle him to that relief,

the court, at the hearing, ought not to grant other or further relief, under the general prayer, when persons not before the court are necessary parties to such relief; even where the case made by the bill would have entitled the complainant to that relief also, against the defendant, if all the proper persons had been made parties. For in the case supposed, it is at least doubtful whether the defendant could have demurred to the whole bill, for want of parties. But if the bill, in such a case, had asked for a discovery as to some fact which was not material to the specific relief prayed for, and which discovery could only be material to a different kind of relief, to the granting of which relief other persons were necessary parties, I see no valid objection to allowing the defendant to demur to that part of the discovery sought; upon the ground of a want of proper parties. On the other hand, where the case made by the bill entitles the complainant to particular relief against the defendant, and would entitle him to further relief also *if the necessary parties were before the court, and the prayer of the bill specifically asks for the more extended relief,* to which he is not entitled in consequence of the defect of parties, the defendant may properly demur to the whole bill, for want of proper parties. This was so decided in the recent case of *Lidbetter* v. *Long,* (4 *Myl. & Cr. Rep.* 286,) by the vice chancellor of England. And that decision was affirmed by Lord Cottenham, upon appeal. That case cannot be distinguished in principle from the one now under consideration; and I am disposed to follow it as a correct exposition of the law of the court on this subject.

The decretal order appealed from must therefore be reversed. But as this was a new and unsettled question here, I shall not charge the respondent with the costs upon this appeal. The demurrer must be allowed, with the costs thereof, and of the argument in the court below; but with liberty to the complainant to amend his bill, within sixty days, by making Allen and the personal representatives of Pratt parties. He is also to be at liberty to make the heirs of Pratt parties, if he shall be advised to do so; or any other persons who have succeeded to the equi-

table interests of Allen or of Pratt in the Ohio lands. And if the amendment is not made within the time prescribed, the bill is to be dismissed with costs.