JOHN D. NORTH and SAMUEL S. CARLL, partners under the firm of NORTH & CARLL, and HARRIS RUSSEL, Respondents, vs. THOMAS BRADWAY, SUSANNAH BRADWAY, his wife, JOHN S. RANDOLPH, and MOSES COLE, Appellants.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

In an action by judgment creditors to remove impediments to their remedy created by the fraud of their debtor in conveying his property to several grantees, the debtor and his grantees may be joined in one action, although the grantees take by separate conveyances, and no joint fraud in any one transaction is charged against them all.

A debtor, with intent to defraud his creditors, paid out of his moneys and property the consideration for certain land, and procured the deed therefor to be made to his wife, she *participating in the fraud to its full extent ;* and also with like intent conveyed, without consideration, certain land to another person, who subsequently conveyed a portion of the land to a third person, the grantees having notice of the fraud. *Held*—That the transactions, although different in form, were of the same nature, and might be united in the same action.

Points and authorities of Counsel for Appellants.

I. The complaint in this action shows no connection between the various conveyances alleged—shows no conspiracy, privity or concert of action among the various transferees.

II. It does not appear from the complaint that the Defendants below, *Randolph and Cole*, had any knowledge of or part in the transaction by which H. M. Matteson conveyed lands to the Defendant below, Susannah Bradway, or that H. M. Matteson or Susannah Bradway had any knowledge of the conveyances from Thomas Bradway to Defendant Randolph, or that either Thomas Bradway or Susannah, his wife, had any knowledge of the several conveyances from Appellant Randolph to Appellant Cole, or Cole to Randolph. And it distinctly appears that these transactions were at separate, distinct and somewhat remote periods from each

other, and long prior to the commencement of any action by the Respondents.

III. The first transaction mentioned in the preceding point, as appears from the complaint, was different in its nature from the other conveyances mentioned in the complaint, which were to strangers; and the court below was not authorized to infer (as it must have done in overruling the demurrer) that there was a conspiracy among all the Defendants to defraud the Respondents. The New York Statute upon which the opinions which we cite are based is identical with our own. 6 *Abbott's Pr. Reps.*, 109, *whole opinion;* 5 *Id.*, 493; *Van Sant. Eq. Pr.*, 80, 81, 101; 3 *Story's Eq. Pr.*, secs., 270, 271, 530, 540, 541, 545.

These authorities are to be distinguished from, and are not inconsistent with, the opinion in the *New York and New Haven R.R. Co. vs. Robert Schuyler and others*, 17 *N. Y. Reps.*, 592.

Points and authorities of Counsel for Respondents.

I. The demurrer was interposed in this case on behalf of all the Defendants jointly, and upon two grounds specified therein, viz. :

1. " That there is a defect of parties Defendant,"

2. " That several causes of action have been improperly joined."

The first of these grounds is not insisted upon in the Appellants' points or sustained by the authorities cited.

II. The complaint shows plainly by direct allegations that each and all the conveyances and transfers were made with full knowledge on the part of the grantees that the property passed from Bradway (after the causes of action had accrued) by a fraudulent sale and purchase, and for the purpose of hindering, delaying and defrauding the Plaintiffs of their debts, and that all the transfers were made with like intent on the part of the Defendants, who were parties thereto, and that the Defendant, Thomas Bradway, has the beneficiary interest in and is the actual owner of the property transferred and sought to be reached in this action.

III. The complaint contains but one cause of action. 2 *Barb. Ch. Pr.*, 155; 4 *Cow.*, 682, *in opinions of Woodworth,*

North et al. v. Bradway, et al.

*Sutherland and Savage;* 6 *John. Ch. Rep.*, 157; 20 *Barb.*, 378; 17 *N. Y. Rep.*, 592.

LOWELL & MOTT, Counsel for Appellants.

BATCHELDER & BUCKHAM, Counsel for Respondents.

*By the Court*—McMILLAN, J.—This is an action brought by judgment creditors against their judgment debtor and his grantees to set aside certain conveyances alleged to be fraudulent, and to have certain property applied in satisfaction of their judgments.

The complaint alleges, substantially, that North & Carll and Russell were several creditors of the Defendant Thomas Bradway, on and prior to the 1st of August, 1862, at which time. Bradway was the owner of certain property, real and personal, described in the complaint; that North & Carll perfected their judgment against Bradway on the 29th of October, 1863, and Russell perfected his judgment on the 22d of March, 1864.

That in the fall or winter of 1862 the Defendant, Thomas Bradway, out of the moneys and property owned by him as aforesaid, and with intent to hinder, delay and defraud his creditors, and particularly the Plaintiffs, made pretended sales and conveyances of, and disposed of all his said property in the manner following:

At the time aforesaid, out of the moneys and property owned by him as aforesaid, and with intent to defraud his creditors, he paid to one Halsey M. Matteson $625 for the purchase of certain premises described in the complaint, being the whole amount of the purchase money, and procured the deed therefor to be made from Matteson to Susannah Bradway, Defendant and wife of said Thomas Bradway.

That on the 19th of February, 1863, said Thomas Bradway, with a like intent and without consideration conveyed to the Defendant Randolph, certain premises described in the complaint.

That on the 8th of July, 1863, Randolph conveyed a portion of the premises last mentioned to the Defendant Moses Cole, and

received in exchange therefor certain other premises fully described in the complaint.

The complaint also charges notice and knowledge of the existence of the indebtedness of Bradway to Plaintiffs, and the fraudulent intent in the conveyances to them respectively, as to Susannah Bradway and Randolph, and that Cole had notice that the conveyance from Bradway to Randolph was without consideration, fraudulent and void, and that Randolph had no title in the land conveyed.

The Appellants demur to the complaint on the grounds—first, that there is a defect of parties Defendants; second, that several causes of action have been improperly united. The last objection is the only one relied upon in this court. We shall therefore confine our attention to it.

The question as to what constitutes *multifariousness* in pleading, has frequently received the consideration of the courts, both in this country and in England, and in the light of the authorities upon this point the difficulty is not so much in arriving at the true rule as in the application of it to particular cases.

In *Brinkerhoff vs. Brown*, 6 *Johns. Ch. Rep.*, 157, the learned Chancellor, after an elaborate review of the English authorities upon this question, says: "The principle to be deduced from these cases is that a bill against several persons must relate to matters of the same nature and having a connection with each other, and in which all the Defendants are more or less concerned, though their rights in respect to the general subject of the case may be distinct."

In *Fellows vs. Fellows*, 4 *Cowan*, 682, the court follow the rule in *Brinkerhoff vs. Brown*, and approve the principle recognized by Chief Baron McDonald in the case of *Ward vs. the Duke of Northumberland and the Earl of Beverly*, 2 *Austr.*, 469, that "unconnected parties may be joined in a suit where there is one common interest among them all, centering in the point in issue in the case."

In *Boyd vs. Hayt*, 5 *Paige*, 65, the Chancellor says: "The decision of the Court for the Correction of Errors, in the case of

North et al. v. Bradway et al.

*Fellows vs. Fellows*, settles the principle that where a debtor conveys different portions of his property to several persons in fraud of the rights of his creditors, a creditor who has obtained a judgment and placed himself in a situation to enforce his right against the debtor and his fraudulent grantees, may file a bill against the grantor and all the grantees jointly, to reach the property conveyed to each, and have the same applied in satisfaction of his judgment. * * * When the object of a suit is single, but different persons have or claim separate interests in distinct or independent questions, all connected with and arising out of the single object of the suit, the complainant may.bring such different persons before the court as Defendants, so that the whole object of the bill may be obtained in one suit, and to prevent further unnecessary and useless litigation." See also *Blackett vs. Laimbeer*, 1 *Sandf. Ch. Rep.*, 366; *N. Y. & H. R.R. Co., vs. Robert Schuyler, et als*, 17 *N. Y. Rep.*, 592.

Judge Story says it is an exception to the general rule respecting multifariousness, "where the parties (either Plaintiffs or Defendants) have one common interest touching the matter of the bill, although they claim under distinct titles, and have independent interests."

"The same principle," he says, "has been supposed properly to justify the joining of several judgment creditors in one bill against their common debtor and his grantees, to remove impediments to their remedy created by the fraud of their debtor in conveying his property to several grantees, although they take by separate conveyances, and no joint fraud in any one transaction is charged against them all. In such a case it is said the fraud equally affects all the Plaintiffs, and they may jointly sue; and all the Defendants are implicated in it in different degrees and proportions, and therefore are properly liable to be jointly sued." *Story's Eq. Pl.*, secs. 285, 286, *and authorities cited.*

How do these principles affect this case? There can be no doubt that the property of the judgment debtor is applicable to these judgments. But by virtue of the conveyances mentioned in the complaint the property is, *prima facie*, the property of the

Defendants respectively.    If, however, the conveyances by which they hold their titles were fraudulent, they are, as to these Plaintiffs, void, and the presumption is rebutted.

The object of this action is to have the property of Thomas Bradway, the judgment debtor, applied to the payment of the Plaintiffs' judgments.    To do this the Plaintiffs seek to remove the obstacles—these conveyances—placed in their way by the alleged fraud of the Defendants.    Were these conveyances fraudulent?    If they were, the premises purporting to be conveyed by them were not so conveyed in law, but are the property of the Defendants.    If they were not fraudulent, the premises are the property of the respective grantees, Defendants.    This, therefore, depends entirely upon the question of fraud, and the fraud is the point in issue in this case.    In this issue the Defendants have one common interest among them all; in this they are all concerned to the extent of their respective conveyances.    Bradway had one general purpose to accomplish in the disposition of his property; it was to hinder, delay, and defraud his creditors.    In order more effectually to accomplish this general purpose he performs several distinct acts; that is, disposes of distinct portions of his property to different persons at different times, the grantee in each conveyance uniting with him in the particular act in which he engaged to enable Bradway to carry out his general purpose; that is to defraud his creditors, and to that extent participated in the fraud. The fraud is one work, the steps to accomplish it are various.

As in *Brinkerhoff vs. Brown*, all the Defendants were "not jointly concerned in every injurious act charged.    There was a series of acts on the part of the *Defendants* all produced by the same fraudulent intent, and terminating in the deception and injury of the Plaintiffs."

Is there anything in the transaction, so far as Mrs. Bradway, the Defendant, is concerned, which renders it, in *its nature*, different from the transactions in which the other Defendants were parties?    The allegations in the complaint in this regard are, that the Defendant, Thomas Bradway, for the purpose and with the intent of disposing of his said property, to hinder, delay and de-

fraud the Plaintiffs, paid, out of the moneys and property owned and possessed by him, to Halsey M. Matteson, $625 for the purchase of the premises described, being the full amount of the purchase money therefor, and caused the said Matteson to make and execute a deed therefor to Susannah Bradway, his wife; that the said Matteson, at the request of said Defendant Thomas Bradway, did so make and execute the deed to said Susannah; that she had full notice and knowledge of the existence of the indebtedness to Plaintiffs, and that the deed was so made to her to hinder, delay and defraud the Plaintiffs.

Here it appears that at the time of the payment of the consideration money the Plaintiffs were existing creditors; that the consideration was paid by Thomas Bradway, out of the moneys and personal property owned by him, and the conveyance taken in the name of Susannah Bradway, with the fraudulent intent charged.

Whatever may be the effect of this conveyance as to other persons, clearly under our statute it was fraudulent as to the Plaintiffs, existing creditors, and they have a right to set it aside so far as to have their judgments satisfied out of the land. *Comp. Stat.*, *ch.* 32, *sec.* 8; *Jackson vs. Forrest & Leggett*, 2 *Barb. Ch. R.*, *p*, 576.

The facts stated in the complaint make, not a *prima facie* case of implied fraud, but *a conclusive case of actual* fraud. The facts pleaded constitute *actual fraud,* and are admitted by the demurrer. The fraud is, therefore, conclusively established.

The moment Bradway paid out of his property the consideration for the purchase, with the fraudulent intent charged, as to these Plaintiffs, he became the owner of the property. But in execution of his general purpose, he directed it to be conveyed to his wife, Susannah Bradway, she participating, to its full extent, in the fraud. As to the creditors of Bradway, therefore, she is the trustee of Thomas Bradway, just as Randolph, who took, without consideration, is his trustee, and in either case, notwithstanding the absolute conveyance, equity will lay hold of the property, and apply it to the payment of the Plaintiffs' judgments. The essence of the transactions in both cases is the disposition of

his property by Bradway, to defraud his creditors. The forms of the transactions, it is true, are different; the conveyance in one is direct, in the other indirect, but their nature is the same.

The case comes within the rule laid down by the authorities cited, and we think the demurrer was not well taken.

As to whether the Plaintiffs are entitled to the full extent of the relief prayed for, we express no opinion at this time.

