## JONATHAN S. FISH vs. PETER BERKEY et al.

*Section 7, Ch. 87, page 543, Pub. Stat. is repealed by Sec. 4, Ch. 11, Col. St.*

An agreement was entered into between several persons whereby certain personal property was conveyed for specified purposes and trusts to several parties, one of whom was made trustee for the others.   In an action brought by

the party who owned the property at the time of the conveyance, (and to whom any surplus remaining after the trusts were fulfilled was to be paid,) for an accounting and payment over ; *Held*—that all the parties to the agreement having a subsisting interest should be made parties to the action.

This action was commenced by Jonathan S. Fish, plaintiff, against Peter Berkey, John R. Irvine, George Culver, Fenner & Crumby, E. W. Eddy, Charles C. Lund, Robert A. Smith, J. W. Selby, John Nicols, T. R. B. Eldridge, George Gruber, A. Von Glahn, and Peter Berkey, Trustee, for aforesaid defendants. The complaint alleges substantially that on the 24th day of April, 1861, plaintiff and Samuel and James Mayall were in the possession of certain furniture of the value of $27,662.50 ; the plaintiff as owner, the Mayalls as a pledge to secure $4,000, and Samuel Mayall against liability as maker of a promissory note, endorsed by Stephen Long and owned by defendant, Von Glahn, on which $3,719 was due. That defendants Berkey, Irvine, Culver, Fenner & Crumby, Eddy, Lund, Smith, Selby, Armstrong, Nicols, Eldridge and Gruber as parties of the second part, entered into a contract in writing with the plaintiff, the said Mayalls, and Stephen and Edward Long, as parties of the first part ; whereby said *parties* of the *first part* for the nominal consideration of $7,719, and to secure to the parties of the second part the sum of $5,000, advanced by them, $4,000 to pay said Mayalls' claim, and $1,000 on said Von Glahn note, and to secure the balance due on said note, sold and conveyed said furniture to said parties of the second part, and whereby the said *Longs* were to open and keep a certain hotel in St. Paul, known as the Winslow House, and whereby the *parties* of the *second part* leased to said Longs for six months, a certain portion of said furniture therein specified of the value of $18,838, at the rent of 10 per cent on the said sum of $7,719, less the amount that should be paid thereon by a sale of the residue of said furniture, and whereby the *plaintiff* agreed to have that portion of said furniture leased insured in the sum of $8,000 against loss by fire, and to assign the policy of insurance to the trustee of the parties of the second part, for their use within ten days after said Longs should take possession thereof, and to keep up such

insurance during the term of said lease, and of any renewal thereof, and whereby *it was mutually* agreed by the *parties thereto*, that the remainder of said furniture of the value of $8,724.50, should be sold by the agent of said parties of the second part, in the manner he deemed best for the interests of the parties, and of the net proceeds $1,000 should be paid on the Von Glahn note, and the residue applied *pro rata* upon the balance due on said note, and said advance of $5,000, and that the furniture so leased should be reconveyed to plaintiff if within six months thereafter he should pay the balance of said advance then due, the amount then due on the Von Glahn note, and $572.25 with interest, &c., to Peter Berkey; and that if default should be made in the conditions of said lease, or in the payment of said sums of money, or either of them, then the parties of the second part, their agent, or trustee, should take possession of said furniture, and sell the same in manner as the parties of the second part, or their agent, or trustee, might determine, and in case of sale the proceeds should be applied *pro rata* to the payment of said advance, and the balance due on the Von Glahn note, and out of the residue the said sum to Peter Berkey, and the balance if any to plaintiff; that Peter Berkey should be the agent, and trustee of the parties of the second part, with full powers to act for them. The complaint further alleges the filing of said contract as a chattel mortgage, that said $5,000 was advanced, and disbursed according to the contract, and said furniture leased with a portion of the residue, (with the consent of the parties,) and said hotel opened and kept, and the rents of said furniture paid, and that plaintiff caused said furniture to be insured in the sum of $8,625 in manner as agreed; that said trustee accepted the trusts, and entered upon the duties specified in said contract; that at the expiration of six months said contract was renewed and continued in force by the consent of all the parties; that said rents continued to be paid and received pursuant to said contract; that said insurance was kept up by plaintiff, and on the 11th day of October, 1862, said contract was in full force, and then acted upon and under by all the said parties; that on that day a portion of said furniture so leased of the value of $14,119.14

was accidentally destroyed by fire, and the balance injured thereby to the sum of $931.06; that said parties of the second part did not attempt to recover the full amount of said insurance, and did not cause to be made a true statement of said loss and damage, but caused statements thereof to be rendered to the insurers, which they, and said trustee well knew to be false, and too low, and they and said trustee in bad faith compromised with the insurers for $4,343.94, and converted the residue of said furniture saved from the fire of the value of $4,217.06, to their own use; that said parties of the second part have received from sales, &c., of the portion of said furniture not used in said hotel, $8,724.50; from rents from said Longs, $4,225.31; that plaintiff has often demanded of said defendants, and said trustee, an account of their doings, and that they pay over to him such sum as he is entitled to; that they refuse to account, or pay over any sum whatever. Said complaint demands that defendants and said trustee be required to render an account of their doings, that they may be charged with the full amount of said insurance, and that they may be adjudged to pay over to plaintiff the balance found due him. To this complaint the defendants demurred upon substantially the following grounds: First, defect of parties defendant, in that Samuel Mayall, James A. Mayall, Stephen Long and Edward H. Long were not made parties defendant. Second, because several causes of action have been improperly united therein, to-wit: one against a defendant as trustee, with one against him personally; a cause of action against a defendant as trustee, with one against other defendants personally. Third, because the pretended causes of action are not separately stated therein, and do not belong to any one of the classes authorized by statute. Fourth, because said complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the Court below, and judgment against the plaintiff entered therein. Plaintiff sued out a writ of error, and removed the cause to this Court.

BRISBIN & WARNER for Plaintiff in Error.

Fish y. Berkey et al.

MORRIS LAMPREY for Defendants in Error.

*By the Court*—BERRY, J.—Subdivision 7 of section 87, page 543 of the compilation, known as "The Public Statutes," was repealed by section 4, of chapter 11, of the Collated Statutes, 1853, so that there is now no statutory provision forbidding the joinder of a claim against a trustee, with a claim against the same person in his individual capacity or against other persons. It would appear then that whatever questions arise in this case in reference to the joinder of different causes of action, can only be determined in view of the first subdivision of section 87, and on general principles. Under this first subdivision a plaintiff is authorized to unite several causes of action in the same complaint, when they relate to "the same transaction or transactions connected with the same subject of action." In construing this subdivision in *N. Y. & N. H. R. R. Co. vs. Schuyler et als.*, 17 *N. Y.*, 604, Comstock, Justice, says: "Its language is, I think, well chosen for the purpose intended, because it is so obscure and general as to justify the interpretation which shall be found most convenient and best calculated to promote the ends of justice. It is certainly impossible to extract from a provision so loose and yet so comprehensive any rules less liberal than those which have long prevailed in courts of equity." The object sought to be attained by the plaintiff in this action is the recovery of whatever surplus may be coming to him under the agreement set out in the complaint and as preliminary to such recovery an accounting. Now, assuming that Berkey was a trustee, or a trustee *sub modo*, it was entirely proper that his co-defendants *cestuis que trust* should be made parties to this action, first, because they are interested in the account. *Story Eq. Pl.*, sec. 219; *Barbour on Parties*, 356, 354, 529, 530. They had advanced the sum of five thousand dollars to be applied to certain specified purposes, and for this advance they were to be reimbursed out of the proceeds of the furniture &c., and there is nothing to show that they have been reimbursed. Secondly, by the terms of the agreement these *cestuis que trust* seem to have been invested with power, concurrently with the trustee,

to make sales, &c., and to have been subjected to the obligation to pay over any surplus to the appellant. Thirdly, so far as Berkey was concerned as an individual aside from his right to be reimbursed on account of the advance of five thousand dollars, he was also interested in having his private claim for $572.25 satisfied from the proceeds of the sale, &c. Fourthly, a judgment for or against Berkey as trustee in a suit against him alone would not bind the *cestuis que trust* so as to protect him from future litigation instituted by them. Story lays down the general principle as follows : "It is the constant aim of courts of equity to do complete justice by deciding upon and settling the rights of all parties interested in the subject matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also that future litigation may be prevented." *St. Eq. Pl.*, sec. 72.

The existence and amount of a surplus under the agreement upon which this action is brought, depend upon the amount which was first to be paid out of the proceeds of sales, &c., and the fact whether that amount had been paid ; and Berkey, as trustee, had a right to insist that these matters should be adjudicated in such a way as to afford him protection. By the same reasoning we are led to the conclusion that Samuel Mayall and Stephen Long should have been made parties to the action. It appears from the complaint that Samuel Mayall was the maker and Stephen Long the endorser of the Von Glahn note, and by the terms of the agreement this note was to be paid in whole or in part as the proceeds of sale, &c., would permit. The complaint does not show that the note has been paid. Now, Mayall and Long not only had an interest in having that note paid, so as to exonerate them, but Berkey could properly insist that their rights to the funds in his hands, and the fact whether the note had been paid or not, should be settled and adjudicated upon. *Dias vs. Bouchand*, 10 *Paige*, 458; *Bailey vs. Ingee*, 2 *Id.*, 278; *Dart vs. Palmer*, 1 *Barb. Ch.*, 98; *St. Eq. Pl.*, 138; *Barb. on Parties*, 326.

So far as the joinder of different and inconsistent causes of action is concerned, we apprehend that a fair and liberal construc-

tion of the pleadings as required by the code, will lead to the conclusion that there is really but one object sought by the complaint, and that is the recovery of such surplus as an accounting shall show the plaintiff entitled to. The different allegations of the complaint bear upon this one subject. In the language of the statute, they relate to " the same transaction or transactions connected with the same subject of action." In order to a full and complete investigation of the matters upon which the plaintiff's rights rest, it was proper for him to set out the several acts and facts upon which he based his claim to a surplus, for the very existence as well as the amount of a surplus depended upon these acts and facts. We think this is the effect of the complaint. It is very possible that the complaint may contain irrelevant and redundant allegations, and that some of the grounds upon which the amount of the surplus is made to depend may be untenable, but if that be the case the complaint is not for that reason demurrable. *Fellows vs. Fellows*, 4 *Cowen* 682 ; *Boyd vs. Hoyt*, 5 *Paige*, 65 ; *Van Sant. Pl.*, 2d *Ed.*, 149 ; *N. Y. & N. H. R. R. Co. vs. Schuyler*, 17 *N. Y.*, 592 ; *Brinkerhoff vs. Brown*, 6 *John. Ch.*, 139 ; *Barb. on Parties*, 329 ; *North et al. vs. Bradway et al.*, 9 *Minn.*, 183.

The averments of negligent and fraudulent dealing in reference to the insurance (which appears by the complaint to have been effected for the benefit of all parties) and of conversion of the furniture and its proceeds, &c., (though, perhaps, somewhat inartificial), may, we think be fairly construed as amounting to substantial allegations of breaches of the agreement upon which this action is founded, and it is not necessary to hold that they charge the defendants with a tort or torts, independent of the breach of agreement, so as to establish a misjoinder of action. As to Edward Long and John Mayall, we cannot conceive what interest, upon the facts stated in the complaint, they can have in the proceedings, nor why they should be made parties. Edward Long was simply a lessee, and the only interest which John Mayall appears to have had at any time arose from his lien on the furniture

as security for the debt of four thousand dollars. That debt is alleged in the complaint to have been satisfied. *Hillman vs. Hillman*, 14 *How. Pr. R.*, 460 ; *Waldo vs. Doane*, 2 *Ch. Sent.*, 7. The instrument upon which this action is founded is *sui generis.* It is not an ordinary chattel mortgage. There was a sale of the property, with a right on the part of the seller to a reconveyance on certain conditions, and by its terms as set out in the complaint (the whole instrument itself not being before us) certain trusts were created and certain payments were to be made from the proceeds of the property conveyed, and in case the reconveyance was not made upon the fulfillment of the prescribed conditions, the parties of the second part and their agent or trustee were required to make sale of the property and pay over to the plaintiff whatever surplus remained after making the several payments in the instrument enumerated. Under this state of facts it is not necessary to meet the position taken by the counsel for the defendants, that the absolute ownership of the property conveyed was in the defendants, and so the plaintiff had no interest in it, and for that reason cannot maintain this action.

The plaintiff does not seek to recover that property *in specie*, but proceeding upon the basis that he had lost his right to a reconveyance by a non-performance of the conditions upon which that reconveyance was to depend, he seeks to recover a surplus arising from the proceeds of sales, &c., which the defendants were required to make in case of his non-performance, and his right to that surplus in no way depends upon his title to the property itself but upon his interest in its proceeds under the agreement. As it appears, however, that Stephen Long and Samuel Mayall should have been made parties to the action, the demurrer must in that respect be sustained.

Demurrer sustained and action remanded for further proceedings.

[The decision in the foregoing action having been rendered under the mistaken impression that the case had been brought to

the Supreme Court by appeal from the order sustaining the de-murrer below, instead of by writ of error, the order entered therein was afterwards vacated and the judgment affirmed.— REPORTER.]