EDWARD R. PALMER,

*vs.*

CHARLES B. TYLER et al.

P., T. and Baldwin entered into a manufacturing partnership. T. and Baldwin contributed to the capital stock a mill and machinery, and were to conduct the business. P. was to contribute $3,000 in money, but paid in only $2,542.32. In the articles of partnership it was agreed that at the end, or other sooner determination of their copartnership, the said copartners, each to the other, should and would make a true, just and final account of all things relating to their said business, and at such expiration, the said T. and Baldwin should retain the mill, and the said P. should be paid such sum or sums as he may have advanced under the agreement as capital stock, and for carrying on said business, and that then all gain and increase thereof, which should appear to be remaining, either in money, goods, wares, debts, or otherwise, should be divided between them, share and share alike, said parties to share profits and losses equally between the said three parties, one equal one-third thereof to each. The partnership expired by lapse of time, the business having proved unsuccessful on account of the alleged bad management of T. and Baldwin, the result being a loss of the whole amount contributed by P. and the creation of debts against the firm. Disputes have arisen between the partners as to their respective rights, and P. is unable to ascertain the precise condition of the partnership affairs. *Held:* that upon this state of facts P. is entitled to an account as partner notwithstanding his failure to pay in the whole amount agreed to be contributed by him. P. alleges that T. knowing the condition of the business, and corruptly contriving with Metzner & Black to evade the payment of his (T.s) share of losses, and to cheat P. and Baldwin, secretly made a sham sale of part of the machinery, being part of the capital stock, to Metzner & Black, who before the sale, and before anything had been paid thereon, had notice of the plaintiff's right in the machinery, and who have fraudulently abstracted said machinery from the mill, and now claim the same as their sole property under said pretended sale. P. also alleges that aside from

Palmer v. Tyler et al.

said mill and machinery, T. and Baldwin are without resources to pay their share of the losses and worthless. P. claims a partner's lien on the mill and machinery, the right to which is denied by T. and Baldwin and by Metzner & Black. P. prays for an account; that a receiver may be appointed; that T. and Baldwin and Metzner & Black may be enjoined from disposing of the mill and machinery during the pendency of this action; that the sale to Metzner & Black may be adjudged void, and the machinery turned over to the receiver; that he (P.) may be adjudged to have a specific lien on the mill and machinery, and that the same may be sold in satisfaction of such lien, and for other and further relief, &c., &c. *Held*: that the complaint states a single cause of action, affecting all the parties to the action, to wit, T. and Baldwin and Metzner & Black, and that the demurrer to the same was properly overruled, the object of the suit being to accomplish a complete and final settlement of the business of the partnership, by ascertaining the condition of the firm accounts, adjusting the respective rights of the partners, and carrying such adjustment into practical effect by following, laying hold of, and applying the partnership assets for that purpose.

The plaintiff commenced an action in the district court for Scott county, against Charles B. Tyler, William A. Baldwin, and Metzner & Black. The defendants Metzner & Black demurred to the complaint, and their demurrer was overruled: they appeal from the order overruling the same to this court. The complaint, and the grounds of demurrer thereto, are sufficently stated in the opinion of the court.

L. M. Brown for Appellants.

I.—The principal ground of demurrer of Metzner and Black is founded upon the *fifth* cause of demurrer specified in the *Statute, sec.* 74, *on page* 469, viz: an improper joinder of causes of action. There are three distinct causes of action set forth in the complaint, viz:

1. A cause of action on the part of the plaintiff against his two partners in business to compel them to account to him for their dealings with the *partnership* business and

property. This cause of action is founded upon, and must be enforced under, the *obligations of a written contract* which is made a part of the complaint in the action. To this contract Metzner and Black *are not parties*, are not interested at all in *preventing* such accounting, and are not, therefore, *affected* by this cause of action. *See subdiv.* 7, *of sec.* 98, *on page* 462 *of Gen. Statutes.*

2. The second cause of action is such an one as could only be brought by *all* the partners in their *partnership name*. It is a cause of action in trover or trespass, or replevin, to recover the possession of machinery belonging to the *partnership*. *One* partner cannot maintain such an action *alone*. The defendants—Metzner and Black—are charged by the complaint with having secretly and fraudulently abstracted said machinery from said mill, and *from the possession of said firm*. Certainly this is a cause of action *at law*, not in equity, in favor of the *whole* firm, but against Metzner and Black *alone*. Neither Baldwin or Tyler are affected by this cause of action as defendants. *See subdiv. of sec.* 98, *page* 462, *Gen. Statutes.*

3. The third cause of action is for "secretly and fraudulently abstracting" a "planer" bought with plaintiff's money, and his own *individual property*. This is a cause of action at *law* (not in equity) in favor of Edward R. Palmer, against Metzner and Black, and possibly against Tyler, but this cause of action does not affect Baldwin. There is *no one* of the *three* causes of action that affects *all* of the parties defendants, and, therefore, there is an improper joinder of causes of action.

II.—Again, the causes of action joined in this complaint do not belong to "one only" of the classes specified in said section. One cause is in equity, upon a contract of partnership. The other two are causes of action at law, in trespass,

or replevin, or trover. This is certainly an improper joinder of causes of action within the sections of the statute above cited.

III.—There is no allegation in the complaint that defendants, Metzner and Black, or either of them, are insolvent, or unable to respond in damages for any act with which they are charged.

IV.—It appears by the contract annexed to the complaint, that the property (the mill,) which Baldwin and Tyler put into the partnership, was, by the terms of the contract, to revert to them immediately, at the end of the time limited for the continuance of the partnership; and 'that Palmer was to have his share in money. This provision in the contract cuts off Palmer's lien upon the mill, and reduces his cause of action to a mere debt for the payment of money, against Tyler and Baldwin.

V.—It appears by the complaint that Palmer never put in the amount of capital which he agreed to put in. He never fulfilled his part of the contract. It may have been that the neglect of Palmer to fulfill was the whole cause of the failure in the business. In fact, it is to be presumed that such neglect did cause the failure. And if so, Palmer has no right to call for any accounting to him.

W. P. Warner for Respondent.

I.—"Each partner is entitled to regard the whole [firm] estate as held for his indemnity as against the joint debts, and as security for the ultimate balance which may be due him for his own share of the partnership effects." *Arnold vs. Wainright*, 6 *Minn.*, 358; *Buchan vs. Sumner*, 2 *Barb.*, *Ch. R.*, 165, 166; *Story's Eq. Juris.*, 1243, *Colyar on Part.*, Sec. 125, 126, *seq.*; 3 *Par. Cont.*, 281.

II.—The object of this suit is to ascertain that "ultimate

balance," and to subject such property to the lien of it, by sale if need be. *Seager vs. Burnes,* 4 *Minn.,* 141.

III.—The appellants were *quasi* subsequent incumbrancers or vendees, and took the property *cum onere.* They were necessarily interested in the *amount* of this balance and the foreclosure for its satisfaction. *See last case.*

IV.—If the appellants took the machinery *mala fides,* it is still subject to respondent's lien, even if they are responsible. Wealth affords no shelter for chicane.

*By the Court*—BERRY, J.—The plaintiff and the defendants Tyler and Baldwin entered into a partnership for the manufacture of staves and heading. Tyler and Baldwin contributed to the capital stock a certain mill and machinery, and were to conduct the business. The plaintiff was to contribute $3,000 in money, of which he paid in only $2,542.32. In the written articles of partnership, it was agreed, that "at the end, or other sooner determination of their copartnership, the said copartners, each to the other, shall and will make a true, just and final account of all things relating to their said business, and at such expiration, the said Charles R. Tyler and William A. Baldwin shall retain said mill, and the said Edward R. Palmer shall be paid such sum, or sums, as he may have advanced under this agreement as capital stock, and for carrying on said business, and that then, all gain and increase thereof, which shall appear to be remaining, either in money, goods, wares, debts, or otherwise, shall be divided between them, share and share alike, * * * said parties to share * * profits and losses equally between the said three parties, one equal one-third thereof to each."

The partnership has expired by lapse of time, the business having proved unsuccessful on account of the improvi-

Palmer v. Tyler et al.

dent, unskilful and inattentive management thereof by Tyler and Baldwin. The result has been a loss of the whole amount contributed by the plaintiff, and the creation of debts against the firm. The plaintiff has been unable to ascertain from Tyler and Baldwin what is the precise condition of the affairs of the partnership. Disputes have arisen between the plaintiff and partners in reference to claims made by the latter, and the transactions of the firm, and the plaintiff insists that the rights of the parties cannot be adjusted, and the business of the concern settled without suit. He therefore asks that an account may be taken. His right to such account, upon the foregoing state of facts set up in his complaint, is clear. The position taken by the defendants' counsel, that as plaintiff has failed to contribute the full amount which he was to contribute by the partnership agreement, he has no right to call for an account, is, as we shall endeavor to show hereafter, manifestly indefensible.

Shortly before the expiration of the partnership, Tyler, as the complaint alleges, knowing the condition of the business and corruptly contriving with the defendants Metzner and Black, to evade the payment of his, said Tyler's share of said losses, and thereby to cheat both said plaintiff and said Baldwin, secretly made a pretended sham sale of all the stave machinery in said mill, and part of the capital stock of said firm, including a planer bought and paid for with plaintiff's said money, and of the value of $250, as and for his own individual property, unto said Metzner and Black, who had, at and before such sham sale, and before the delivery of such machinery, and before payment of anything thereon, due notice and knowledge of the rights of said plaintiff and said Baldwin under said contract (of partnership,) in and to said machinery ; yet said pretended vendees thereafter, secretly and fraudulently abstracted said

machinery from said mill, and from the possession of said firm, and now claim the same as their sole property under said sale from said Tyler, free and clear from all claim on the part of said plaintiff and Baldwin under said contract of copartnership. The complaint also alleges, that before and since said pretended sale, said Tyler has been, as plaintiff is informed and believes, secretly disposing of other of the effects of said firm, and appropriating the proceeds thereof to his own use, to wit: staves, heading and stock, without rendering an account to said firm; and that, aside from said mill and machinery, said Tyler and Baldwin are without means or resources, wherewith to pay their share of the losses aforesaid, and worthless.

The plaintiff further avers in his complaint, that he has "in equity, * * a lien upon said mill and machinery, to the extent of the money so advanced by him, less his share of such losses, which right, said defendants Tyler and Baldwin, as well as Metzner and Black, deny." The complaint prays for an account of the partnership business; that a receiver may be appointed to hold the mill and machinery pending the suit; that the defendants may be enjoined from disposing of the same during said pendency; that the sale to Metzner and Black may be vacated and the machinery turned over to the receiver; that the plaintiff may be adjudged to have a specific lien upon said mill and machinery to the extent of all the money by him so advanced, less one-third of said losses; that the mill and machinery may be sold and the proceeds applied in satisfaction of such lien, and the costs of this suit, and for such further and other relief, &c.

The defendants, Metzner and Black, demur to the complaint:

I.—"Because it does not state facts sufficient to consti-

tute a cause of action against the said defendants." In support of this ground of demurrer, it is urged that the plaintiff cannot call for an account, because he did not contribute to the capital stock the full sum of $3000, as he had agreed to do. This failure upon the part of the plaintiff may be a matter to be considered in adjusting the affairs of the partnership, but he was a partner notwithstanding his default, and as such possessed of a right and interest in the partnership property, and to ascertain and secure the same, he can certainly call for an account. It is further said that by the terms of the agreement the mill was to revert to Tyler and Baldwin at the expiration of the partnership, and the plaintiff was to have his share in money, and that the effect of this is to cut off any partner's lien in favor of the plaintiff upon the mill, the plaintiff's cause of action being thereby reduced to a mere claim against Tyler & Baldwin, for the payment of money; but the argument is in our opinion based upon a mistaken construction of the partnership articles in this respect. The provision referred to and which we have before quoted at length, was intended to point out the manner in which the common property should be distributed upon the expiration of the partnership, and the adjustment of its affairs. It was a provision having reference to a final settlement between the partners. The reverting of the mill to Tyler and Baldwin, the payment to the plaintiff, and the division of gains, were to be contemporaneous acts in the final adjustment. There is nothing to warrant the idea that the plaintiff was to lose his partner's lien, his right as such partner in the entire assets of the concern until the whole business was adjusted and the distribution completed. It is further argued that there is no allegation that Metzner and Black are insolvent, or unable to respond in damages for any act which they have committed. If

the plaintiff is entitled to a lien upon the partnership property, the solvency or insolvency of Metzner and Black are alike immaterial. The second ground of demurrer, and which is principally relied on by the defendants is, that several causes of action have been in said complaint improperly united. It is said that there is: 1st, a cause of action against Tyler and Baldwin for an account with which Metzner and Black have nothing to do; 2d, a cause of action in tort against Metzner and Black for taking the machinery, with which Baldwin and Tyler have no concern; 3d, a cause of action by the plaintiff against Metzner and Black, and possibly against Tyler, for taking the "planer bought with plaintiff's money, and his own individual property;" and that with this Baldwin has nothing to do. That portion (before quoted) of the complaint in which the defendant's counsel supposes that the third cause of action is set up, is somewhat obscure, but the counsel misconstrues it. The evident meaning is that Tyler *sold* the machinery as *his* (*Tyler's*) individual property. There is then no such third cause of action attempted to be set up as the counsel supposes. As to the objection made to the joinder of the first and second supposed causes of action, it is to be observed, that the manifest purpose of this action is to obtain a complete and final settlement of the business of the partnership.

To accomplish this it is necessary, first of all, that an account should be taken, in order that the condition of things, and the rights and obligations of the firm, and of its individual members, may be ascertained. Then if it should turn out, in accordance with the plaintiff's claim, that there are firm debts in existence, and losses to be shared by his copartners, and money to be paid to him out of the assets of the concern, as provided in the partnership articles, he

has a right to insist that the firm property shall be appropriated so that the debts shall be paid, the losses fairly apportioned, and the obligations to himself discharged; for purposes of this kind, he, as a partner, has a lien upon partnership assets; (*Arnold vs. Wainwright,* 6 *Minn.* 358; 2 *St. Eq. Juris,* § 1243; *Collyer on Partnership,* 5th Am. Ed. § 125 *et seq.*) and if any portion of the partnership assets has by the combined and collusive action of his copartner and other persons been transferred to such other persons through a sham sale, for the purpose of putting the same out of his reach, and in fraud of the partnership, he has the right to follow it, and subject it to his lien, and to the accomplishment of the purposes for which the lien exists. Why should not all this be embraced in one action? The object is *single,* viz: to bring about a complete and final settlement of the business of the partnership. The simple ascertainment of the condition of the partnership accounts, does not accomplish this object, but in order to obtain a complete and effectual remedy, it is necessary to go farther, and carry the adjustment into practical effect. We can conceive of no reason why complete relief should not be afforded in one action, so that in the case at bar, the plaintiff may not only compel his copartners to account, but may compel the just appropriation of the partnership property, and for this purpose lay hold of it, whether it is in the hands of his copartners or of other persons. There is here no union of several incongruous causes of action such as is forbidden by *section* 98, *ch.* 66 *Gen. Stat.,* cited and relied upon by counsel. The subject of this action is the partnership business of the plaintiff and Tyler and Baldwin. This action is brought to wind up such partnership business, and for that purpose, and as a preliminary step, to take an account. The transactions of Tyler and Baldwin, and of Metzner & Black, as

set out in the complaint, are to be judicially investigated, in order that the object of the suit may be fully attained, and complete justice administered, in the spirit of equity. Though there may be some matters to be inquired into, to which neither Baldwin nor Metzner & Black may be called upon to answer, yet the general subject matter and object of the proceedings, and the cause of action, is single, and affects all the parties to the action. *See North vs. Bradway*, 9 *Minn.* 183; *Fish vs. Berkey*, 10 *Minn.* 203; *N. Y. & N. H. R. R. Co. vs. Schuyler*, 17 *N. Y.* 604. Whether the plaintiff is entitled to all the relief prayed for, it is not necessary to determine at this time.

The order overruling the demurrer is affirmed.